# PHILLIPS DAYES
LAW FIRM
*A Professional Corporation*
3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
TREY DAYES, No. 020805
SEAN C. DAVIS, No. 030754
PRESTON K. FLOOD, No. 032764
seand@phillipsdayeslaw.com
(602) 288-1610 ext. 432
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Rachel Weefar; | Case No.: _____ |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Immanuel Campus of Care Foundation, an Arizona corporation; | |
| Defendant. | |

Plaintiff Rachel Weefar for her Complaint against Defendant Immanuel Campus of Care Foundation, ("Defendant") alleges as follows:

### NATURE OF THE CASE

1. The Family and Medical Leave Act ("FMLA") is designed "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 U.S.C. § 2601.

2. Employers must allow their employees leave from work in the event that the

employee or a family member has a "serious health condition," for the employee's birth or adoption of a child, or other "qualifying exigency" in the employee's life. *See* 29 U.S.C. § 2612(a)(1).

3. Employees returning from FMLA leave must "be restored by the employer to the position of employment held" at the time the leave began or "be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1).

4. Employers are prohibited from interfering with, restraining, or denying employees' requests for FMLA leave, from discriminating or retaliating against employees taking FMLA leave, and from retaliating against claimants or non-claimants for giving information or assistance related to a charge of the employer's non-compliance with the FMLA. 29 U.S.C. § 2615.

5. Plaintiff brings this action against Defendant for denying her the protections provided under, and for interfering with Plaintiff's exercise of the rights authorized by, the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

6. Plaintiff seeks to recover damages in the amount of wages, salary, benefits, or other compensation denied by reason of Defendant's FMLA violations or actual monetary losses sustained by Plaintiff as a direct result of Defendant's FMLA violation, an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 2617.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

8. Venue in this Court is proper and is predicated on 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the boundaries of this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff was and continues to be a resident of Maricopa County, Arizona.

10. On information and belief, at all times material hereto, Defendant was and continues to be an entity organized under the law of the State of Arizona, doing business in Maricopa County, Arizona, and is subject to the jurisdiction of these proceedings.

11. On information and belief, at times material hereto, Defendant includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint ventures, and organizational units of any kind, their predecessors, successors and assigns and their officers, directors, employees, agents, representatives and any and all other persons acting on its/their behalf.

12. At all relevant times, Defendant identified herein as, or discovered to be, corporations or other business entities were acting by and through officers, employees, agents, and contractors, who were acting within the course and scope of said office, employment, agency, or contractual authority.

13. On information and belief, Defendant made all managerial and operational decisions on behalf of the business.

14. At all relevant times, Defendant was and continues to be Plaintiff's "employer" within the meaning of 29 U.S.C. § 2611(4).

15. At all relevant times, Plaintiff was and continues to be an "eligible employee" of Defendant, within meaning of 29 U.S.C. § 2611(2).

16. At all relevant times, Defendant was acting through its agents and employees and is liable for the actions of those agents and employees under the doctrine of respondeat superior.

## FACTUAL BACKGROUND

17. On February 28, 2018, Plaintiff began her employment with Defendant as a Registered Nurse.

18. At the time of her hire, Plaintiff was paid an hourly rate of $34.00.

19. On April 4, 2017, Plaintiff requested FMLA from Defendant to attend to her sick mother, whose condition was deteriorating.

20. Defendant responded to Plaintiff's FMLA request by stating that she could have time off from April 4, 2017 to April 21, 2017.

21. On April 8, 2017, Plaintiff traveled to Liberia to attend to her sick mother.

22. On April 15, 2017, Plaintiff's uncle passed away.

23. On April 16, 2017, Plaintiff's mother passed away.

24. On April 18, 2018, Plaintiff contacted Defendant to ask for additional FMLA leave due to her uncle and mother's deaths.

25. Plaintiff received a text from a member of Defendant's human resources department informing her that her request for additional time had been denied.

26. On May 1, 2017, Plaintiff attempted to return to work but was told her employment had been terminated while she was on FMLA leave.

27. Plaintiff has retained the law firm of Phillips Dayes Law Firm P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

**COUNT ONE**
**FMLA INTERFERENCE—29 U.S.C. §§ 2615(a)(1)**

28. Plaintiff incorporates and adopts paragraphs 1 through 27 above as if fully set forth herein.

29. The FMLA permits an eligible employee to take up to twelve weeks of unpaid leave in any twelve month period for various purposes, including if the employee must care for an immediate family member that has a serious medical condition.

30. Plaintiff was an "eligible employee" under the FMLA, and Defendant is a covered employer.

31. Plaintiff's mother had a serious health condition, as defined by the FMLA.

32. Plaintiff requested qualified FMLA leave because of her mother's serious health condition.

33. Defendant did not provide Plaintiff with twelve weeks of leave, but instead, restricted her leave to a period of two weeks, from April 4, 2017 to April 21, 2017.

34. Defendant implemented and used policies that penalized Plaintiff for her use of FMLA leave. For instance, and without limitation, Defendant terminated Plaintiff while she was on FMLA leave.

35. Defendant's conduct has had the intended result of interfering with Plaintiff's exercise of her rights under the FMLA.

36. As a result of Defendant's conduct, Plaintiff is entitled to collect wages, employment benefits, and pension benefits denied or lost, interest on this amount, liquidated damages equal to the lost compensation, wages, and benefits, including her back pay damages, pain and suffering for Defendant's interference, and Plaintiff's reasonable attorneys' fees and costs. Plaintiff also is entitled to reinstatement or, in lieu thereof, front pay and other appropriate equitable relief, as well as all other remedies available under the FMLA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendant:

   a. Awarding Plaintiff compensation in the amount due for wages, salary, employment benefits, pension benefits, or other compensation denied or lost by Plaintiff as a result of Defendant's FMLA violations in an amount proved at trial;

   b. Awarding Plaintiff actual monetary losses sustained by Plaintiff as a direct result of Defendant's FMLA violations up to a sum equal to twelve weeks of Plaintiff's wages or salary;

   c. Awarding Plaintiff liquidated damages in an amount equal to the award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

   d. Awarding Plaintiff equitable relief as may be appropriate, including employment, reinstatement, promotion, and front pay;

  e. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 2617(a)(3);

  f. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

  g. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

  h. For such other and further relief as the Court deems just and proper.

Dated: May 8, 2018      Respectfully submitted,

           **PHILLIPS DAYES LAW FIRM PC**

           By: /s/ Sean C. Davis
             Sean C. Davis
             Trey Dayes
             Preston K. Flood

             Attorney for Plaintiffs